Aria Fadakar, Esq. SBN 309199
Joshua R. Engle, Esq. SBN: 249871, *Of Counsel*
Law Office of Aria Fadakar
333 City Blvd. W. Suite 1736
Orange, CA 92868
OFFICE: 714-510-2210
FAX: 714-464-5360

Attorneys for Plaintiffs
Minh Hue Chau
Kimberly Clevenger

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MINH HUE CHAU, AN INDIVIDUAL
KIMBERLY CLEVENGER, AN INDIVIDUAL

Plaintiffs,

vs.

CITY OF BUENA PARK; BUENA PARK POLICE DEPARTMENT; COREY S. SIANEZ, Chief of Police individually and as a peace officer; CHRISTOPHER NYHUS ID# 699, individually and as a peace officer; CHAD WEAVER ID# 762, individually and as a peace officer; ANDY LUONG ID#733, individually and as a peace officer; DOE WOLRIDGE ID# UNKNOWN, individually and as a peace officer, BRETT CARTER ID# 1000, individually and as a peace officer, DOES 1- 100, inclusive

Defendants.

Case No.:

**COMPLAINT FOR DAMAGES**

1. Violation of Civil Rights (42 U.S.C. § 1983)
2. *Monell* Claim (42 U.S.C. § 1983)
3. Inadequate Training or Supervision (42 U.S.C. § 1983)
4. Conspiracy to Violate Civil Rights (42 U.S.C. § 1985(2))
5. Conspiracy to Violate Civil Rights (42 U.S.C. § 1985(3))
6. Failure to Intervene (42 U.S.C. § 1986)
7. Battery
8. Intentional Infliction of Emotional Distress

**DEMAND FOR JURY TRIAL**

1

## JURISDICTION

1. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1341, (1), (2), (3) and (4). This action at law for money damages arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges, and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. At all time herein mentioned, Plaintiff Minh Hue Chau was a resident of the County of Orange, City of Garden Grove, of Vietnamese descent.

2. At all time herein mentioned, Plaintiff Kimberly Clevenger was a resident of the County of Orange, City of Fountain Valley, of American descent.

3. At all times herein mentioned, Defendants Corey S. Sianez, Chief of Police individually and as a peace officer, Corporal C. Weaver ID#762, individually and as a peace officer, Sergeant A. Luong ID#733, individually and as a peace officer, Jailor Doe Wolridge ID# Unknown, individually and as a peace officer, Sergeant B. Carter ID# 1000, individually and as a peace officer, DOES 1-10, inclusive and each of them, were employees of the City of Buena Park and the Buena Park Police Department. Defendant Chief Corey S. Sianez is at all relevant times the highest-ranking law enforcement policymaker for the City of Buena Park.

4. Defendant, CITY OF BUENA PARK (hereinafter referred to as "CITY") is and at all times herein mentioned has been a public entity and an incorporated county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of Defendant Buena Park City Police Department, (BPPD) and particularly said Department's Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiffs, and their tactics,

methods, practices, customs and usages related to internal investigation, personnel supervision and records maintenance, the use and deployment of dangerous weapons, the use of force, and the powers of arrest by its rank and file.

5. Plaintiffs are informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally and or negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictions names and will be added to this action as provided by California Code of Civil Procedure Section 484.

6. The incidents complained of began in the City of Buena Park on September 6, 2016. At approximately 2:43 a.m., Corporal C. Nyhus (ID 699) (Herein "Nyhus") observed a dark gray 2016 Toyota Sienna van (California License #7PXZ735) stop in the #1 lane of La Palma Ave. for a red light at Magnolia Ave. (Buena Park Police Department Officer Report for Incident 16-37488 hereinafter "Police Report" page 3 paragraphs 1 and 7). The vehicle was alleged to have stopped beyond the marked limit for the red light with both front wheels running past the limit line. Thus, Corporal Nyhus initiated a vehicle stop to investigate a violation of CVC 24153(a) for allegedly failing to stop at a marked limit line. Nyhus called for backup and was assisted by Officer C. Weaver (ID 762) (herein "Weaver").

Corporal Nyhus approached the vehicle and identified two parties in the vehicle. First, the driver was identified as Minh Hue Chau (Herein "Chau") and passenger Kimberly Clevenger (Herein "Clevenger"). Upon approaching Mr. Chau, Corporal Nyhus asked for Mr. Chau's license and registration. Mr. Chau and Ms. Clevenger both complied and provided a copy of their driver's licenses and the vehicle registration.

During the course of the traffic stop, Corporal Nyhus and Officer Weaver, made physical observations of the named plaintiffs. Based on the results of their observation and examination of the plaintiff's pupils, heart rate, and other symptoms, the Officers believed that both Mr. Chau and Ms.

3

may be impaired by a central nervous stimulant. Corporal Nyhus arrested Mr. Chau for violation of California Vehicle Code Section 23152(e) and Health and Safety Code section 11550(a). Officer Weaver then arrested Ms. Clevenger for violation of Health and Safety code section 11550(a) as well.

At the Buena Park Police Department, a Certified Phlebotomist Technician was requested by the Officers to conduct a blood draw from both Chau and Clevenger. Mr. Chau was uncooperative and refused to give a blood sample. Per the police report, Mr. Chau would not answer basic questions about himself and refused to voluntarily submit to a chemical blood test. Because Corporal Nyhus was unable to conduct a further drug evaluation, he read the Drug Admonition Supplement chemical test form and seized Chau's valid California Driver's license.

Mr. Chau was immediately sanctioned by having his driver's license immediately suspended since he did not voluntarily submit to the blood exam. Per the audio provided by the Buena Park Police, the "Supervisor" indicated that even though Mr. Chau has not consented to a blood exam, Mr. Chau did not have a choice, does not have a right to an attorney, and he will be strapped down and blood will be forced out of him whether he complies to the demand or not (Audio 733 1368 5:00-6:00). Sergeant Luong, Corporal Weaver, Jailer Wolridge, and Corporal Nyhus then "attempted to physically restrain Chau to obtain a blood sample as evidence of Chau's use of a controlled substance." (Police Report Page 5 Paragraph 4). Chau stated that he would physically defend himself against a blood draw because he already refused to provide a sample. The four officers were unable to physically restrain Chau to forcefully take his blood and was later placed into a separate holding cell. (These events are logged in officers' audio recordings).

As Mr. Chau was going through the events described above, Ms. Clevenger personally witnessed the officers' actions against Mr. Chau due to his refusal to voluntarily provide a blood sample. Additionally, Officer Weaver instructed Ms. Clevenger that they were going to obtain a blood sample from her as evidence. Ms. Clevenger stated that she did not want to voluntarily give her blood, at which time Officer Weaver advised her that he would document her statement in the police report. (Police Report page 8 paragraph 6).

At approximately 3:51 a.m., Blood Technician Drake subsequently drew a blood sample from the right arm of Ms. Clevenger (Vial No. 652220). Blood Technician Drake retained the blood sample for processing and as evidence. (Police Report page 8 paragraph 7) Ms. Clevenger was issued a citation for the listed charge and released. (Police Rept. Page 8 paragraph 8, Buena Park Police Department Notice to Appear BPE00023103.

After the facts were vetted by the filing clerks at the Orange County District Attorney's Office North Court Division, case number 16NM16281 was filed against the Plaintiffs. Both Plaintiffs were each charged with violation of Health and Safety Code 11350(a). The District Attorney's Office intentionally filed these charges when they knew or should have known of the landmark decision in *Birchfield vs. North Dakota*, Supreme Court Docket No. 14-1468. This decision was argued on April 20, 2016 and decided on June 23, 2016. The Plaintiffs were arrested and their Constitutional rights were violated three (3) months after the United States Supreme Court made its decision in *Birchfield*. Defense counsel, Aria Fadakar (for Plaintiff Chau) and defense counsel Guy Frank Candelaria (for Plaintiff Clevenger), submitted 1538.5 motions to suppress the dismiss the case. Reluctantly, the Orange County District Attorney's office dismissed the complaints against the named Plaintiffs in the interest of justice.

The Buena Park Police Department was negligent in supervising and training its staff on the recent update in the law. Per the audio tape provided by the Buena Park Police department and the Orange County District Attorney's office, the Buena Park Police officers and their Supervisors, were all under the impression that their actions were lawful. The Buena Park Police Department used California's Implied Consent law as their justification for the unlawful search and seizure. Ignorance of the law does not mitigate or excuse unlawful conduct, especially when it infringes on the Constitutional rights of an American citizen. The Buena Park Police Department's actions of threatening Plaintiff Chau through excessive force, verbal intimidation, and multiple threats to strap him down (whether he chose to comply or not) was a clear violation of law, as well as the unlawful seizure of Plaintiff Clevenger's blood despite her revocation of implied consent.

## FIRST CAUSE OF ACTION

## (VIOLATION OF CIVIL RIGHTS- EXCESSIVE FORCE, MALICIOUS PROSECUTION AND CONSPIRACY – 42 U.S.C. § 1983)

(By Plaintiffs Against All Individual and DOE Defendants)

7. Plaintiffs refer to and re-pleads each and every allegation contained in paragraph 1 through 6 of this complaint, and by this reference incorporates the same herein this First Cause of Action and make each a part hereof.

8. This action at law for money damages arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

9. Commencing at or about the aforementioned date and place, without case or justification, and acting under color of law, Defendants Corporal C. Nyhus, Officer C. Weaver, Sergeant Luong, Jailor Wolridge, Sergeant Carter, DOE SUPERVISOR, DOES 1-100, and each of them, intentionally and maliciously deprived Plaintiffs of rights secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants, and each of them, subjected Plaintiffs, and each of them, to unreasonable search and seizure, unreasonable force, groundless prosecution and or conspiracy to unlawfully obtain DNA evidence.

10. Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiffs of their rights by participating in a corrupt effort to illegally seize, book, and fraudulently convict Plaintiffs of charges manufactured and supported by Defendants.

11. As the actual and proximate results of the aforesaid acts and omissions of Defendants, and each of them, Plaintiffs, and each of them, sustained great physical and mental pain and shock to their nervous system, fear, anxiety, torment, degradation and or emotional distress.

12. By reasons of the aforementioned acts of Defendants, and each of them, Plaintiffs, and each of them, were compelled to secure the services of an attorney at law to redress the wrongs

1 hereinbefore mentioned, and by virtue thereof, Plaintiffs, respectively, are indebted and liable for
2 attorney's fees.

3     13.    The aforementioned acts and omissions of Defendants were committed by each of them
4 knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress
5 Plaintiffs with a conscious disregard of Plaintiff's constitutional rights and thereby reason thereof,
6 Plaintiffs seek punitive and exemplary damages from Defendants, and each of them, in an amount as
7 proved.

## SECOND CAUSE OF ACTION

### UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983

(By Plaintiffs Against City of Buena Park, Buena Park Police Department, and Chief Corey S. Sianez and DOE Defendants)

    14.    Plaintiffs refer to and re-pleads each and every allegation contained in paragraph 1 through 13 of this complaint, and by this reference incorporates the same herein this Second Cause of Action and makes each a part hereof.

    15.    Defendant CITY is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Buena Park Police Department and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file officers.

    16.    At all times herein mentioned, Defendants, and each of them, were employees acting under the CITY's direction and control, who knowingly and intentionally promulgated, maintenance, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth and Fourteenth Amendments respectively to the United States Constitution, which

customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty, and numerous other serious abuses of their powers as peace officers while under the employment of CITY.

17. Defendant CITY knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kind of wrongs set forth above, by deliberate indifferences to widespread police abuses, failing and or refusing to impartially investigate, discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence, each ratified and approved by CITY, Buena Park Police Department and SIANEZ.

18. The unconstitutional policies, practices, or customs promulgated, sanctioned or tolerated by Defendants CITY, Buena Park Police Department and SIANEZ include, but are not limited to:

(1) Defendants CITY and SIANEZ had knowledge, prior to and since the incident, of similar allegations of abuse and dishonesty by Defendants, and refused to enforce established administrative procedures to insure the safety of detainees and arrestees;

(2) Defendants CITY and SIANEZ refused to adequately discipline the individual officers and employees listed in this complaint

(3) Defendants CITY and SIANEZ refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by Buena Park Police Department Officers;

(4) Defendant CITY and SIANEZ failed to adequately train and educate officers in the use of reasonable force/procedures and failed to enforce the laws promulgated by the United States Supreme Court;

(5) Defendant CITY and SIANEZ failed to adequately failed to adequately supervise the actions of officers under their control and guidance;

(6) Defendant CITY and SIANEZ condoned and participated in practice of prosecuting known groundless criminal charges for the purpose of insulating the CITY of BUENA PARK, BPPD,

and its officers from civil liability and reducing or dismissing criminal charges against individuals in return from civil liability;

(7) Defendant CITY and SIANEZ fostered and encouraged an atmosphere of lawlessness, abuse and unconstitutional misconduct, which by September 2016 and thereafter, represented the unconstitutional policies, practices and customs of CITY.

19. By reason of the aforesaid policies, customs, practices and usages, Plaintiffs rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution were deprived.

## THIRD CAUSE OF ACTION

## INADEQUATE TRAINING OR SUPERVISION UNDER 1983

(By Plaintiffs Against Defendant CITY )

20. Plaintiffs refer to and re-pleads each and every allegation contained in paragraphs 1 through 19 of this complaint, and by this reference incorporates the same herein this Third Cause of Action and makes each a part thereof.

(1) Defendant CITY's training program was inadequate to train and educate its employees to carry out their duties with respect to the use of reasonable force, warrantless searches and seizures, and blood draws, which injured Plaintiffs, and each of them.

(2) Defendant CITY failed to adequately supervise its employees in carrying out their duties with respect to the use of reasonable force, warrantless searches and seizures, and blood draws, which injured Plaintiffs, and each of them.

(3) Defendant CITY knew that its employees would confront situations such as a refusal to consent to a blood draw.

(4) Defendant CITY knew that a wrong choice by an employee in handling the refusal of a detainee or suspect to voluntarily consent to a blood draw will frequently cause a deprivation of a

suspect's or detainee's right to be free of unreasonable search and seizure, the use of unreasonable force, and due process of law.

(5) Defendant CITY's failure to adequately train and supervise amounted to a deliberate indifference to the fact that inaction would obviously result in the violations of a suspect's or detainee's right to be free of unreasonable search and seizure, the use of unreasonable force, and due process of law.

(6) Defendant CITY'S failure to adequately train and supervise proximately caused the violation of Plaintiffs' rights to be free of unreasonable search and seizure, the use of unreasonable force and due process of law.

21. As a direct and proximate result of the foregoing, Plaintiffs have been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including but not limited to, general and punitive damages and attorney's fees.

## FOURTH CAUSE OF ACTION

**UNREASONABLE SEARCH AND SEIZURE IN VIOLATION OF 42 U.S.C. § 1985 (2)**

(By Plaintiffs Against All Defendants and DOE Defendants)

22. Plaintiffs refer to and re-pleads each and every allegation contained in paragraphs 1 through 21 of this complaint, and by this reference incorporates the same herein this Fourth Cause of Action and makes each a part thereof.

23. Commencing September 6, 2016 and thereafter, Defendants and DOE Defendants 1-100, and each of them, purposefully, under the color of law, planned and conspired to deny Plaintiff equal protection of the laws by (a) denying the right to be free from unreasonable search and seizure; and (b) denying the right not to be deprived of property and liberty without due process of law.

24. By virtue of the foregoing, Defendants, and each of them, violated 42 U.S.C. § 1985 (2).

25. As a direct and proximate result of the foregoing, Plaintiffs, and each of them, have been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including but not limited to, general and punitive damages and attorney's fees.

### FIFTH CAUSE OF ACTION

**CONSPIRACY TO DEPRIVE EQUAL PROTECTION IN VIOLATION OF 42 U.S.C. § 1985(3)**

(By Plaintiffs Against All Defendants and DOE Defendants)

26. Plaintiffs refer to and re-pleads each and every allegation contained in paragraphs 1 through 25 of this complaint, and by this reference incorporates the same herein this Fifth Cause of Action and makes each a part thereof.

27. By virtue of the foregoing, all Defendants and DOE Defendants 1-100, two or more of them, conspired for the purpose of depriving Plaintiff of (a) equal protection of the law; and (b) equal protection and immunities under the law; and for the purpose of preventing and hindering the constituted authorities from giving and securing the Plaintiff equal protection of the law and deprivation of liberty and property without due process of law.

28. Defendants, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, whereby Plaintiff was deprived of the rights and privileges as set forth above.

29. As a direct and proximate result of the foregoing, Plaintiffs, and each of them, have been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages and attorney's fees.

### SIXTH CAUSE OF ACTION

**FAILURE TO INTERVENE IN VIOLATION OF 42 U.S.C. § 1986**

(By Plaintiffs Against All Defendants and DOE Defendants)

30. Plaintiffs refer to and re-pleads each and every allegation contained in paragraphs 1 through 29 of this complaint, and by this reference incorporates the same herein this Sixth Cause of Action and makes each a part thereof.

31. Commencing September 6, 2016 and thereafter, all Defendants and DOE Defendants 1-100, and each of them knew and understood Plaintiffs were being subjected to a deprivation of their constitutional rights and Defendants were in the position and had the duty and authority to intervene to prevent the wrongdoing committed against Plaintiffs by Defendants.

32. By virtue of the foregoing, Defendants, and each of them, violated 42 U.S.C. § 1986.

33. As a direct and proximate result of the foregoing, Plaintiffs, and each of them, have been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages and attorney's fees.

## SEVENTH CAUSE OF ACTION

### BATTERY

(By Plaintiffs Against All Defendants and DOE Defendants)

34. Plaintiffs refer to and re-pleads each and every allegation contained in paragraphs 1 through 33 of this complaint, and by this reference incorporates the same herein this Seventh Cause of Action and makes each a part thereof.

35. Commencing September 6, 2016 and thereafter, all Defendants and DOE Defendants 1-100, which includes the City of Buena Park, the Buena Park Police Department, and Chief of Police Corey S. Sianez under the theory of respondeat superior, and each of them caused Plaintiff Chau to be touched by their physical persons to wit: officers hands, arms, feet, legs.

36. Commencing September 6, 2016 and thereafter, Defendants, and each of them caused Plaintiff Clevenger to be touched by their physical persons to wit: officers hands, arms, and hypodermic needle.

37. Neither Plaintiff in this action consented to the touching. The request to not be touched is

documented by the BPPD Officers in their reports and audio tape recordings.

38. As a direct and proximate result of the acts alleged herein, Plaintiffs, and each of them, suffered harm, entitling them to damages in the amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(By Plaintiffs Against All Defendants and DOE Defendants)

39. Plaintiffs refer to and re-pleads each and every allegation contained in paragraphs 1 through 38 of this complaint, and by this reference incorporates the same herein this Eighth Cause of Action and makes each a part thereof.

40. Commencing September 6, 2016 and thereafter, all Defendants and DOE Defendants 1-100, which includes the City of Buena Park, the Buena Park Police Department, and Chief of Police Corey S. Sianez under the theory of respondeat superior, and each of them, caused and directed a course of extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing emotional distress to Plaintiffs, and each of them.

41. As a direct and proximate result of the acts alleged herein, Plaintiffs, and each of them, suffered severe or extreme emotional distress, entitling Plaintiffs, and each of them, to damages in the amount to be proven.

## PRAYER

WHEREFORE, Plaintiffs, and each of them, each pray judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General Damages, according to proof;

2. For Special Damages, according to proof;

3. For Punitive Damages as provided by law, in an amount to be proved against each individual Defendant;

13

4. For attorney's fees pursuant to 42 U.S.C. § 1988;

5. For Costs of suit;

6. For such other and further relief as the Court may deem proper.

Dated: 9/13/17

Respectfully submitted,

By: _____
LAW OFFICE OF ARIA FADAKAR
Aria Fadakar, Esq.
Attorneys for Plaintiffs

### PLAINTIFF'S JURY DEMAND

Plaintiffs, Minh Hue Chau and Kimberly Clevenger hereby demand trial by jury.

Date: September 13, 2017

By: _____
LAW OFFICE OF ARIA FADAKAR
Aria Fadakar, Esq.
Attorney of Plaintiffs

14